**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**10270 DEERFIELD LANE, Northridge,
California, Defendant,**

**Barbara DEMARIA, Claimant–Appellant.**

No. 99–56034.

D.C. No. CV–96–06125–AHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2001.

Decided April 6, 2001.

Before BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

MEMORANDUM *

Barbara DeMaria ("claimant") appeals the district court's orders denying her motion for partial summary judgment and granting the government's motion for a probable cause determination in this civil forfeiture action. Specifically, claimant contends that (1) the district court (Judge Davies) improperly denied her summary judgment as to 75% of the Deerfield equity; (2) the district court (Judge Matz) should have denied an order establishing probable cause to forfeit the equity in Deerfield; and (3) the district court (Judge Matz) improperly refused to consider her request for partial summary judgment at the probable cause proceeding. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order denying summary judgment, *United States v. 3814 NW Thurman St., Portland, Or., a Tract of Real Property,*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

164 F.3d 1191, 1195 (9th Cir.1999), and the district court's determination of probable cause, *United States v. Real Property Known as 22249 Dolorosa St., Woodland Hills, Cal.,* 167 F.3d 509, 513 (9th Cir. 1999).

The determinative issue is whether the $644 earthquake insurance premium, which was paid out of the DeMarias' escrow account, is traceable to proceeds of criminal activity, clean funds, or some combination of the two. At the initial proceeding before Judge Davies, claimant presented evidence supporting her argument that 75% of the insurance premium payment was untainted and that only 25% was arguably tainted. The government responded with evidence that the insurance premium was paid with proceeds of Giuseppe DeMaria's ("Guiseppe") illegal conduct. Because the conflicting evidence raised a disputed issue of material fact, the district court properly refused to grant summary judgment at this stage. Claimant could have proceeded to trial but for the fact that she voluntarily entered into a settlement agreement with the government, in which she forfeited 100% of the equity in Deerfield in exchange for other assets and waived her right to appeal any jury phase issues.

■ We also agree that the district court (Judge Matz) correctly determined that the government had probable cause to forfeit the equity in Deerfield. Giuseppe admitted in his plea agreement that Deerfield was purchased with proceeds of his illegal conduct. His admission supplied more than a "mere suspicion" that there was a connection between Deerfield and Giuseppe's criminal activities. *United States v. One 56–Foot Motor Yacht Named the Tahuna,* 702 F.2d 1276, 1282 (9th Cir. 1983); *see also United States v. Real Property Known and Numbered as 415 E. Mitchell Ave.,* 149 F.3d 472, 476 (6th Cir.

1998); *United States v. Premises and Real Property at 4492 S. Livonia Rd., Livonia, N.Y.,* 889 F.2d 1258, 1268 (2d Cir.1989).

■ Claimant could have refuted the government's showing of probable cause by establishing the absence of reliable evidence of a link between the property and the illegal transactions, *see 22249 Dolorosa,* 167 F.3d at 513–14, but she failed to do so here. Despite the stipulated fact that a portion of the funds in the escrow account was not subject to forfeiture, claimant did not conclusively establish that all or some of the earthquake insurance premium was paid with such untainted funds.

Finally, the district court (Judge Matz) did not abuse its discretion in refusing to consider claimant's untimely request for summary judgment for failure to comply with local rules regarding notice and service of summary judgment motions.

AFFIRMED.